NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-620


R. D. SPELL, INC.

VERSUS

FERGUSON ENTERPRISES, INC. D/B/A LOUISIANA UTILITIES
SUPPLY COMPANY


**********


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-871
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and
Billy Howard Ezell, Judges.


REVERSED IN PART AND AFFIRMED IN PART.

Russell Joseph Stutes, Jr.
Stutes & Lavergne, LLC
713 Kirby Street
Lake Charles, LA 70601
(337) 433-0022
Counsel for Plaintiff/Appellee:
R. D. Spell, Inc.

**Carroll Devillier, Jr.**
**Breazeale, Sachse & Wilson, L.L.P.**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**Counsel for Defendant/Appellant:**
**Ferguson Enterprises, Inc. d/b/a**
**Louisiana Utilities Supply Company**

**EZELL, JUDGE**.

Ferguson Enterprises Inc., d/b/a Louisiana Utilities Supply Company appeals the granting of a default judgment in favor of R.D. Spell, Inc. Ferguson claims that the judgment was granted on insufficient evidence and that Spell's petition does not comply with the Public Works Act.

## FACTS

Spell is a general contractor who was working on a project for the City of Lake Charles. About March 2005, Spell entered into an agreement with Ferguson in which Ferguson would supply pipe to Spell in connection with the City project of Stage 1 South Regional Transport System, Contract 12, Trunk Segment No. 2, Plant "D" Interceptor, City of Lake Charles, MA Project No. A9-96069-DD2. Pursuant to this contract, Spell would provide pipe at a price of $106.50 per foot.

Subsequent to Hurricane Rita, Ferguson attempted to invoice Spell for the pipe at an increased price of $111.85 per foot. On June 29, 2006, Ferguson and Spell entered into a letter agreement. Pursuant to the agreement, Ferguson agreed that it would not increase the price of the pipe unless the owner/engineer approved a change order for the increased price. The change order was never approved.

In December 2007, Ferguson sent a letter to Fidelity & Deposit Company of Maryland, Spell's surety on the City contract, making a demand on it for payment of materials supplied to Spell as the general contractor on the City project. In the letter, Ferguson indicated that it recorded a materialman's claim on May 31, 2007, in the amount of $112,346.85.

On February 7, 2008, Spell filed a petition for declaratory judgment asking for judgment that Ferguson had no claims against Spell arising from the City contract. A preliminary default was entered on May 1, 2008. The judgment was confirmed on

1

May 6, 2008. Ferguson filed a motion for new trial which was denied by judgment on November 21, 2008. Ferguson then filed the present appeal.

## DEFAULT JUDGMENT

Ferguson claims that Spell failed to establish a prima facie case against entitling it to a default judgment. The testimony of Shannon Spell, Spell's vice-president, was offered in support of Spell's case at the hearing to confirm the default judgment. Ferguson claims that this testimony was insufficient to establish a prima facie case.

> Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, "proof of the demand sufficient to establish a prima facie case." La. C.C.P. art. 1702(A); The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703.
>
> . . . .
>
> There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered.

*Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, pp. 7-8 (La. 5/5/09), 9 So.3d 815, 820 (case and treatise citations omitted).

In its petition for declaratory judgment, Spell stated that Ferguson had no claims against it for additional funds arising from the City contract. Specifically, Spell alleged that (1) The owner/engineer did not issue a change order approving the increase in the cost of pipe as required by the letter agreement between the two parties; (2) Ferguson did not reimburse or credit Spell for the warranty/repair work which was required to render some of the pipe suitable for use; and (3) Spell incurred

2

increased expenses because of the improper delivery of pipe. Obviously, Spell is seeking a setoff of the two debts.

"A party that properly pleads setoff as an affirmative defense has the burden of proof of the claim. The defense of setoff requires mutual obligations whereby each obligor owes an equally liquidated and demand able debt to the other." *Hebert v. Ins. Ctr., Inc.*, 97-298, p. 8 (La.App. 3 Cir. 1/7/98), 706 So.2d 1007, 1012, *writ denied*, 98-353 (La. 3/27/98), 716 So.2d 888. "A debt is 'liquidated when it is certain what is due and how much is due. That which has been certain as to amount due by agreement of parties or by operation of law.' Black's Law Dictionary 642 (6th ed. abridged 1991)." *Hutchinson v. Trussco, Inc.*, 06-582, p. 8 (La.App. 3 Cir. 11/2/06), 943 So.2d 585, 590.

The only evidence offered at the confirmation hearing was the testimony of Shannon Spell. During his testimony, Mr. Spell recognized that Ferguson had filed a lien in the amount of $112,346.85. Mr. Spell testified that Ferguson was attempting to invoice Spell about $5.00 a foot over the original price quoted.

Mr. Spell also testified that some of the pipe supplied for the job cracked. Ferguson indicated that it would do all warranty work that was required but failed to do so. Spell was required to go to a third party to have the pipe repaired. Mr. Spell testified that Ferguson never reimbursed Spell for these costs.

Mr. Spell also stated that Spell had instructed Ferguson to hold to a Saturday delivery date to which both parties had agreed to. As the job progressed, there was slippage in this agreement which caused some delays because they would have to stop working to unload the pipe. These delays cost Spell money.

Mr. Spell testified that based on his calculations of the above expenses, the total more than exceeded the $112,346.85 that Ferguson alleges it is due. Spell

3

claims that it established a prima facie case that it owed nothing to Ferguson.

In *Galland v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 452 So.2d 397 (La.App. 3 Cir. 1984), this court held that a plaintiff's testimony was sufficient to confirm a default judgment without corroborating documentary evidence to prove the amount owed by defendant upon settlement of a previous lawsuit. *See also Carroll v. Coleman*, 27,861 (La.App. 2 Cir. 1/24/96), 666 So.2d 1264.

Mr. Spell's testimony established that there were several bases for offset. His testimony further established that the amount it was owed was greater than the amount that Ferguson claimed it was owed. The trial court obviously found Mr. Spell to be a credible witness, a finding we do not disturb, as we find no manifest error in the ruling. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Therefore, based upon Mr. Spell's testimony, we find that Spell adequately established a prima facie case for confirmation of default against Ferguson.

## PUBLIC WORKS ACT

Ferguson argues that the procedures set forth in the Public Works Act should have been followed since it had filed a materialman's lien. Ferguson argues that the procedure employed by Spell in pursuing the declaratory judgment was procedurally improper pursuant to the Public Works Act. Specifically, Ferguson claims that a concursus should have been invoked and the surety named as a party pursuant to La.R.S. 38:2243. Spell recognizes that a lien-release bond was filed on May 2, 2008, but it claims that the lien was effective on February 7, 2008, when the suit for declaratory judgment was filed.

We recognize that the Public Works Act provides the exclusive remedy for claims made in connection with the construction of public works. *Board of*

4

*Supervisors of Louisiana State Univ. v. Louisiana Agric. Fin. Auth.*, 07-107 (La.App. 1 Cir. 2/8/08), 984 So.2d 72. However, "[A] defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal." *Arias*, 9 So.3d at 820. "[A] party who seeks to have a default judgment rendered against him set aside must allege and prove facts which would excuse his failure to plead any defense that he may have had." *Davis v. Coregis Ins. Co.*, 00-475, p. 17 (La.App. 3 Cir. 12/27/00), 789 So.2d 7, 19, *writ denied*, 01-292 (La. 3/30/01), 788 So.2d 1192 (citing *DeFrances v. Gauthier*, 220 La. 145, 55 So.2d 896 (1951)).

Ferguson admitted it received service of process and had no excuse for not timely answering or making an appearance at the hearing to confirm the default. Therefore, we find that Ferguson has no right to complain that the procedure utilized at the default proceedings was improper.

## SCOPE OF JUDGMENT

Ferguson claims that the judgment is well beyond the scope of the testimony rendered. It argues that the judgment effectively rules not only on Spell's claims to offset but also on any possible claim Ferguson may have against Spell.

Pursuant to La.Code Civ.P. art. 1703, "[a] judgment by default shall not be different in kind from that demanded in the petition." The comments to Article 1703 state that "[t]his article is essential to prevent the judgment by default from going beyond the scope of the prayer."

In its petition, Spell made the following request for judgment:

> For the reasons set forth above, Spell desires that this Court render a Judgment in favor of Spell declaring that Defendant, or any person or entity acting by, through or for Defendant, has no claims against Spell arising from any theory of law, whether in tort, contract, or otherwise connected to the City Contract.

The judgment provided:

IT IS ORDERED, ADJUDGED AND DECREED that Judgment is rendered in favor of Plaintiff, R.D. SPELL, INC., declaring that defendant, FERGUSON ENTERPRISES, INC. D/B/A LOUISIANA UTILITIES SUPPLY COMPANY, or any person or entity acting by, through or for Defendant, has no claims against R.D. SPELL, INC. arising from any theory of law, whether in tort, contract, or otherwise.

There is no doubt that the judgment conforms to the prayer for relief in the petition. Ferguson did receive the petition and knew what relief Spell was requesting. However, we do find that the judgment goes beyond the prima facie evidence Spell presented at the hearing to confirm the default. *See Spear v. Tran*, 96-1490 (La.App. 4 Cir. 9/18/96), 682 So.2d 267, *writ denied*, 96-3024 (La. 2/7/97), 688 So.2d 500, in which the fourth circuit found the trial court erred in awarding penalties in a default judgment when there was no proof of damages as a result of the insurer's beach of duty at the confirmation hearing.

We find that the only issue at the hearing to confirm the default was whether Spell was entitled to an offset against the lien claim of Ferguson. Therefore, we find that the judgment should not have included relief for any claim beyond the offset claim.

For these reasons, we reverse the portions of the judgment that forecloses Ferguson, or any person or entity acting by, through or for Defendant, for any claim arising from any theory of law. The judgment is affirmed insofar as it denies Ferguson, or any person or entity acting by, through or for Defendant, for its claim for $112,346.85 since Spell established it is entitled to a setoff. Costs of this appeal are to be split between R.D. Spell, Inc. and Ferguson Enterprises, Inc. d/b/a Louisiana Utilities Supply Company.

**REVERSED IN PART AND AFFIRMED IN PART**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Court of Appeal. Rule 2-16.3.