FRED W. JONES, Jr., Judge.
Plaintiff Thomas appealed a judgment rejecting his demands under La.R.S. 23:631, 632 for back wages, penalties and attorney fees. For the reasons hereinafter explained, we reverse and render judgment in favor of plaintiff.
Maxwell Hardware and Lumber Company (“Maxwell Hardware”) employed Thomas as a truck driver for some six months in 1983. On the morning of December 21, 1983 an individual telephoned the wife of the president of Maxwell Hardware to report suspicious circumstances surrounding a Maxwell Hardware truck parked on a rural road the previous day. F.E. Maxwell, Jr., the company president, responded by telephoning the informant and also received an account of the circumstances, involving a five gallon gasoline can, which indicated Maxwell Hardware employees were stealing gasoline from a company truck.
The company president immediately investigated and learned that employees Thomas and Jones had taken out a Maxwell Hardware truck on December 20. Following an interrogation, Thomas, who was owed $93.80 in wages, was fired. No wages were paid. Some 14 months later Thomas filed this suit.
At the trial, F.E. Maxwell, Jr. testified that, upon being questioned on December 21, 1983, Thomas first denied theft of gasoline from the company truck. Thomas was then taken out and talked to by Maxwell’s son and another employee, McDowell, who allegedly returned and reported to the president that Thomas confessed to stealing the gasoline. When Thomas asked the president for his wages the reply was Thomas “had gotten his wages by siphoning gas out.”
McDowell denied having talked to Thomas out of the company president’s presence. He said that after the company official agreed not to criminally prosecute Thomas, the latter responded:
“I don’t owe you nothing and you don’t owe me nothing.”
F.E. Maxwell III, son of the company president, testified Thomas admitted to him alone and subsequently in the presence of his father and McDowell that he stole the *901 gasoline from the company truck. When Thomas asked for his wages the company president stated “us not prosecuting can-celled the wages out.” However, this witness also testified that Thomas returned to Maxwell Hardware the following day and again requested payment of his wages. The witness said he told Thomas:
... “we weren’t going to give it to him, that the deal was cancelled ... us not prosecuting.”
It was stipulated at trial that Thomas had an outstanding open account with Maxwell Hardware, reducing the wage claim to $47.84. Defendant also introduced an exhibit showing that over a period of several months Thomas made higher than average purchases of gasoline for company trucks. This was construed by the employer to reveal Thomas had stolen over $1,000 of gasoline from the company during the period in question.
The trial judge rejected Thomas’ demands, concluding Jones and Thomas “took the gasoline.”
La.R.S. 23:631 provides in pertinent part:
Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the persons employing such laborer or other employee to pay the amount then due under the terms of employment ... not later than three days following the date of discharge or resignation.
La.R.S. 23:632 provides:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
There appears no question but that Maxwell Hardware owed Thomas $47.84 in back wages when the employment was terminated. Was Maxwell Hardware entitled to an offset for gasoline stolen?
Compensation takes place only between two debts having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable. La.CC Art. 2209.
We note, first, that according to the record evidence, no claim against Thomas for theft of gasoline was fixed or liquidated. Next, the only conversation between Thomas and the Maxwells concerned theft of gasoline in the five gallon container. Even if Thomas admitted this, it would not have equaled the amount of wages admittedly due. Evidence concerning theft of gasoline over a several month period was only accumulated later and was, obviously, highly conjectural and did not, by any stretch of the imagination, amount to liquidated indebtedness.
Since the debt allegedly owed by Thomas for stolen gasoline was not liquidated, did plaintiff waive his claim for wages? The trial judge did not make a factual finding on this question. It is noteworthy that, according to F.E. Maxwell III, on the day after allegedly waiving his claim for wages in return for the employer’s agreeing not to criminally prosecute for theft, Thomas returned to his place of employment and again requested payment of his wages. We do not find the record supports defendant’s contention that Thomas waived his wage claim. Therefore, plaintiff is entitled to recover from defendant $47.84 in back wages.
Although La.R.S. 23:632 provides for an award of penalty wages in a situation such as this, jurisprudence has established that a good faith, non-arbitrary defense to liability for unpaid wages, i.e. a reasonable basis for resisting liability, per *902 mits courts to excuse the employer from the imposition of penalty wages. Carriere v. Pee Wee’s Equipment Company, 364 So.2d 555 (La.1978).
We find that, although Thomas did not in fact waive his wage claim, defendant’s president had reason to believe that this waiver had been made. Therefore, we deny the claim for penalty wages.
Plaintiff is entitled to an attorney fee award as a consequence of filing a “well-founded” suit for unpaid wages. Equitable defenses do not apply to such an award. Carriere v. Pee Wee’s Equipment Company, supra. For legal services rendered in the trial court and on appeal, we fix that attorney fee award at $1,000.00.
DECREE
For the reasons set forth, we reverse the judgment of the district court and render judgment in favor of Hardy Thomas and against Maxwell Hardware and Lumber Company for $47.84, with legal interest from judicial demand until paid, and for $1,000.00 as attorney fees, and for all court costs, both in the trial court and on appeal.
SEXTON, J., concurs and assigns written reasons.