LOLLEY, J.
110tis Blanson appeals the judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, wherein the trial court ordered the Town of Rich-wood (“Riehwood”) to pay Blanson for two days of work; the trial court did not impose the payment of a penalty upon Rich-wood for its failure to pay Blanson timely. For the following reasons we affirm the portion of the trial court’s judgment that awarded Blanson wages for two days of work, reverse the portion that denied the assessment of a penalty upon Riehwood, and further order that Riehwood pay for Blanson’s reasonable attorney fees for this appeal.
Facts
After moving to Monroe due to Hurricane Katrina, Otis Blanson, a retired Louisiana State Police Officer, was employed as a security officer at the University of Louisiana at Monroe (“ULM”). In January 2007, Blanson applied to work at the police department in nearby Riehwood after learning of the need for leadership within the department. Blanson met with the now-deceased Chief of Police, Cornelius Gillis, who then offered Blanson a position. The terms of this position are disputed by the parties to this appeal. Blanson claims he was offered the position of patrol sergeant at a pay rate of $9.50 per hour. Blanson accepted the position under these terms and gave notice to his current employer, ULM.
On January 24, 2007, Blanson reported to work for the Riehwood Police Department. After completing all employment forms and being administered an oath of office, Blanson began training. He worked for 12seven hours that day as well as another seven hours the subsequent day, January 25.
The following day, January 26, Blanson received a phone call from Chief Gillis. He stated that he had changed his mind about offering Blanson the position of patrol sergeant and he was going to change his position to that of patrol officer at a pay rate of $9.10 per hour. Because this was not the employment offer he had agreed upon, Blanson told Chief Gillis he “wasn’t going to do it.”
Blanson could not go back to work for ULM because his position there had already been filled. After about a year of searching, he accepted employment as a corporal at the Grambling Police Department. He later retired from this position when he reached the age of 65.
Blanson was never paid for the two days he worked for the Riehwood Police Department, so he retained an attorney and filed suit. In its answer, Riehwood denied Blanson had applied for a job, been hired, been sworn in, or worked two days. A bench trial was conducted on the matter and the trial court awarded Blanson $133.00 for unpaid wages for two days of work at the rate of $9.50 an hour. The trial court decided not to impose penalties upon Riehwood for its failure to pay Blan-son timely, stating in its reasons for judgment that Blanson “was never terminated, nor did he ever resign,” and, thus, finding *233 that the penalty provision of La. R.S. 23:632 did not apply.
| RBlanson now appeals the trial court’s decision not to impose the penalty upon Richwood. Blanson also prays for the costs of this appeal, including attorney fees, plus interest.
Law and Discussion
On appeal, Blanson argues that the trial court incorrectly interpreted and then misapplied La. R.S. 23:631, governing the payment of an employee after discharge or resignation. Blanson argues that the phone call he received from Chief Gillis clearly communicated that Blanson’s services as patrol sergeant were no longer necessary and would no longer be accepted. This, Blanson argues, constitutes a discharge and the trial court erred in not assessing penalties accordingly. In response, Richwood asserts that a court is not required to award penalty wages unless the employer is found to have acted in bad faith. Because Richwood did not act in bad faith here, it claims, the trial court did not err in failing to impose penalties.
Louisiana R.S. 23:631 governs the payment of an employee after discharge or resignation, and states, in pertinent part:
A. (l)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.
(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, whichever occurs first.
14(2) Payment shall be made at the place and in the manner which has been customary during the employment ...
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
Louisiana R.S. 23:632 governs the liability of the employer for its failure to pay, and states, in pertinent part:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
Under these provisions, upon the resignation or termination of any employee, the employer has a duty to pay within 15 days *234 the undisputed amount then due under the terms of employment. La. R.S. 23:631. An employer who fails to comply with this duty shall be liable for penalty wages and attorney fees. La. R.S. 23:632.
The terms “termination” or “discharge” in relation to employment matters have been defined by Louisiana jurisprudence. The employment relationship may be terminated without an express notice by either party. Dunbar v. Orleans Metal Bed Co., 145 La. 779, 82 So. 889 (La.1919). Any Racts or words that reasonably lead an employee to believe that his services are no longer needed constitute discharge. Id.
An employee is entitled to recover penalty wages if he or she proves that the employer acted in an arbitrary or unreasonable manner. Smith v. Aeadiana Mortgage of Louisiana, 42,795 (La.App.2d Cir.01/30/08), 975 So.2d 143. Penalty wages are penal in nature and must be strictly construed. Wyatt v. Avoyelles Parish School Board, 2001-3180 (La.12/04/02), 831 So.2d 906; Smith, supra. Louisiana R.S. 23:632 was designed to compel prompt payment of wages upon an employee’s discharge or resignation. Id.
 “It is clear from the statute that it is the failure to comply with the provisions of La. R.S. 23:631, not a finding of bad faith, that triggers the penalty provision of La. R.S. 23:632.” Hattaway v. Health Paradigm, LLC, 45,047 (La.App.2d Cir.03/03/10), 31 So.3d 1176. A claim for penalty wages under La. R.S. 23:632 may be defeated by an equitable defense. Beard v. Summit Institute for Pulmonary Medicine and Rehabilitation, Inc., 97-1784 (La.03/04/98), 707 So.2d 1233; Smith, supra. However, it is only “a good-faith, non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability,” which permits a court to excuse the employer from the imposition of penalty wages. Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555 (La. 1978); Smith, supra. When a bona fide dispute exists over the amount of wages due, an employer’s failure to pay is not an arbitrary refusal and no penalties will be awarded. Hattaway v. Health Paradigm, LLC, supra.
| f,Deference is given to the trier of fact’s findings when those findings are based on determinations regarding the credibility of witnesses; only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Here, Blanson testified as to his version of the events and the trial court clearly found him to have been very credible, as evidenced when it stated, “This man [Blan-son] was credible. And nobody shake him. He didn’t — so what he said I believe. That’s why I believe what happened, happened, because that’s what he said happened.” The trial court found that Blan-son was telling the truth as to the events that took place and to the length of days he worked. We give due deference to the trial court and find no error in this assessment.
When Blanson testified as to the telephone conversation he had with Chief Gil-lis, he stated:
He [Chief Gillis] said he had changed his mind about me being a sergeant and he was going to change my status to a patrolman and — and my pay would be nine dollars and ten cents an hour instead of nine dollars and fifty ... Well that wasn’t the agreement we had made. I had left my civil service position with the state, with ULM Police Department, plus I had took [sic] a pay cut over there *235 to come over to Richwood and I was coming over there as a supervisor, not as a patrol officer. And I just felt like that wasn’t part of the deal and I just said I wasn’t going to do it.
The trial court found that this did not constitute a discharge or a resignation. We disagree. In Krison v. Texas Industries, Inc., 253 So.2d 614 (La.App. 2d Cir. 1971), the employer in that case asked the employee for his resignation by the end of the week; the resignation was never given. This |7court held that although not expressly stated, the employee was terminated as of the end of the week and that the employer “offering him [the employee] a face-saving opportunity to resign did not alter the fact that he was being terminated.... ” Similarly, in the case sub judice, although not expressly stated, Blanson was terminated from the position of patrol sergeant. It is clear that Chief Gillis’ words in the telephone conversation reasonably led Blanson to believe that his services as patrol sergeant were no longer needed and that constituted a discharge. Any reasonable person would have been led to believe the same thing. The fact that Chief Gillis offered Blanson an opportunity to accept a new position as patrol officer did not alter the fact that Blanson had been discharged from his current position as patrol sergeant. The trial court was clearly wrong and manifestly erroneous in its finding that Blanson was not discharged. Accordingly, we find that Blanson was discharged from his position as patrol sergeant and because he was not paid wages owed to him within the 15 days allowed by statute, the penalty provision of La. R.S. 23:632 was triggered.
In order for Richwood to then escape penalties, it must prove an equitable defense for its failure to pay Blanson. In Hattaway, a case involving a dispute over payment for vacation time, this court found that the employer was not in good faith because even though the exact amount of vacation payment owed was clearly in dispute, the employer failed to pay even the undisputed portion, as mandated by La R.S. 23:631(B). Hattaway, supra. This court found that this action was not indicative of good faith and failed to allow the employer to use that as a defense. Id. Similarly, here, |8Richwood claims Blanson’s position and pay rate were disputed; however, Richwood failed to pay Blanson even the undisputed portion of the payment owed. This failure to pay was not indicative of good faith; therefore, we find Richwood was in bad faith and is without a defense.
Based on the foregoing, we find that Blanson met his burden of proving that he was entitled to unpaid wages and that he was discharged from his position as patrol sergeant. We also find that Richwood failed to prove an equitable defense for its failure to timely pay Blanson these wages. Accordingly, we affirm the trial court’s judgment that awarded Blanson wages for two days of work. We also reverse the trial court decision in part and assess a penalty upon Richwood in the amount of $5,985.00.[1] We further order that Rich-wood pay for Blanson’s reasonable attorney fees for this appeal in the amount of $2,500.00. See Bums v. National Communications, Inc., 2008-453 (La.App. 3d Cir.11/26/08), 998 So.2d 330.
Conclusion
For the foregoing reasons, the judgment of the trial court awarding Otis Blanson wages for two days of work is affirmed. *236 The judgment of the trial court denying penalties upon The Town of Richwood is reversed and judgment is entered in favor of Otis Blanson. The Town of Richwood is bordered to pay a penalty in the amount of $5,985.00. It is also ordered that the Town of Richwood pay for Otis Blansoris reasonable attorney fees for this appeal in the amount of $2,500.00.
AFFIRMED, IN PART; REVERSED, IN PART.

. This total comes from calculating 90 days of work, seven hours each day, at a pay rate of $9.50 an hour.