BARNETTE, Judge.
The plaintiff, Canal Motors, Inc., was awarded judgment of $3,137.50 against the defendant, Gerard C. Campbell, after a hearing of rule for judgment on the pleadings, pursuant to LSA-C.C.P. art. 965. The defendant Campbell has appealed devolu-tively.
A motion for judgment on the pleadings differs from a motion for summary judgment in that on the latter there may be submitted supporting affidavits and counter affidavits and depositions. LSA-C.C.P. art. 966. A motion for judgment on the pleadings is submitted on the pleadings which may include attached exhibits made a part of the pleadings. In either case the judgment may be granted as a mat *6 ter of legal right if there does not appear to be a genuine issue of material fact. Our jurisprudential guidelines favor giving a party his day in court, hence summary judgments and judgments on the pleadings are granted only when the legal right is clearly established. Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir. 1965), and cases cited therein at page 710. The issue on this appeal is whether that right has been clearly established on the pleadings, which for this purpose must be accepted as true.
The following pleaded facts are not in dispute. On May 28, 1969, the defendant Campbell selected a used automobile for purchase from plaintiff, an automobile dealer. The price was agreed upon, being $3,-162.50. Campbell made a down payment or deposit of $25. The plaintiff in Article III of its petition alleged the $25 was “ * * a deposit to hold the said automobile until his loan with his Federal Credit Union had been approved * * In his answer Campbell denied the allegations of Article III except the fact that defendant paid the sum of $25 as a deposit on the 1968 Chevrolet station wagon, which he admitted. Therefore for the purpose of the motion under consideration, we must accept as true that the $25 was a “deposit” pending a loan approval. On that date the vehicle was delivered to Campbell and held in his possession and use until June 22, 1969, when it was seriously damaged in an accident. No further payment on the purchase price was made. Attached to plaintiff’s petition and made a part thereof by reference are two exhibits showing Campbell as “purchaser” of the described automobile, the price, the “down payment” and “net balance due.” One of these is signed by Campbell.
The disputed pleadings are plaintiff’s allegation that it was assured by Sealco that Campbell’s loan application was approved and in reliance upon that information it delivered possession of the automobile to Campbell on May 28, and that Sealco refused to make the loan to Campbell after the automobile was damaged. Campbell denied this allegation for lack of information sufficient to justify a belief. He reconvened seeking return of the $25 “cash deposit” and alleged: “The balance of $3,-137.50 due on the purchase price has not been paid, for reasons beyond the control of defendant; and no terms of credit were extended defendant for the balance of the purchase price.”
The foregoing summary of the pertinent pleadings shows a genuine issue of a material fact. If the $25 payment was a “deposit” as alleged to “hold the automobile” until the purchaser’s loan application was approved, there was at that time (May 28, 1969) no completed sale, but at most a conditional obligation dependent upon an uncertain event. The condition of loan approval was a suspensive condition. LSA-C.C. arts. 2021 and 2471; Jackson Motors, Inc. v. Calvert Fire Insurance Co., 239 La. 921, 120 So.2d 478 (1960); Kershaw v. Deshotel, 179 So.2d 528 (La.App. 3d Cir. 1965).
The plaintiff alleged that it delivered possession of the automobile to Campbell after assurance from Sealco that the loan application had been approved. This is denied by Campbell. Whether or not the suspensive condition was satisfied is therefore an issue of fact material to a determination if there was a completed sale of the automobile to Campbell when possession was delivered to him.
Having concluded that there is a genuine issue of material fact, the motion for judgment on the pleadings cannot be maintained. This conclusion makes unnecessary our consideration of the remaining questions argued and briefed at length by counsel.
For these reasons the judgment maintaining plaintiff’s motion for judgment on the pleadings and granting judgment in favor of plaintiff, Canal Motors, Inc., and against the defendant, Gerard C. Campbell, in the principal sum of $3,137.50 is annulled and the motion for judgment on the pleadings is denied.
*7 The case is remanded for further proceedings according to law.
Cost of this appeal is cast to plaintiff-appellee. All other costs shall be assessed upon conclusion of the proceedings in the trial court.
Judgment annulled; case remanded.