364 So.2d 555 (1978)
Jimmie CARRIERE, Plaintiff-Appellant-Relator,
v.
PEE WEE'S EQUIPMENT COMPANY, Defendant-Appellee-Respondent.
No. 61785.
Supreme Court of Louisiana.
October 9, 1978.
Patrick C. Morrow, Morrow & Morrow, Opelousas, for defendant-appellee-respondent.
Louis E. Bernard, Bernard & Angelle, Lafayette, for plaintiff-appellant-relator.
*556 TATE, Justice.
A former employee sued his employer for unpaid wages due him when he quit his employment, as well as for penalty wages and attorney's fees. La.R.S. 23:631, 632. The district court awarded the plaintiff the sum of $161.93 for unpaid wages, but rejected his demand for penalty wages and attorney's fees. Pretermitting the question whether proper demand had been made by Carriere, the court of appeal affirmed, holding that equitable defenses by the employee precluded the award of penalty wages and attorney fees. 361 So.2d 1223 (La.App. 3d Cir. 1978).
We granted plaintiff's application for writs to review the denial of penalty attorney's fees claimed because of the nonpayment of backwages judicially determined to be undoubtedly due. La., 363 So.2d 68 (1978). The intermediate court's denial, relying on legislatively overruled jurisprudence, was in error.

(1)
The legislature has provided that an employer must pay an employee his wages shortly after his discharge or resignation, upon default being subject to the payment of additional penalty wages and attorney's fees. La.R.S. 23:631, 632. See Appendix. Pertinently to the present issue, the legislation also provides that "Reasonable attorneys' fees shall be allowed the laborer . . . in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from the time of making the first demand following discharge or resignation." La.R.S. 23:632 (1964).[1] (Italics ours.)
Prior to a 1964 amendment, the statutory language had provided that attorney's fees should be awarded in the event a "just suit" was filed. La.R.S. 23:632 (1950). The jurisprudence interpreting this language permitted the employer to escape penalty wages and attorney's fees for an equitable defense thereto based upon a good faith dispute by the employer, arising from reasonable and non-arbitrary belief, that he did not owe the wages for which (after judicial determination) he, was ultimately held liable. See, e. g., Mitchell v. First National Life Insurance Company of Louisiana, 236 La. 696, 109 So.2d 61 (1959) and Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959).
The 1964 amendment, providing for the mandatory award of attorney's fees in the event of an employee's "well-founded" suit for unpaid wages (i. e., instead of being awardable when a "just suit" was filed), legislatively overruled this jurisprudence, at least insofar as permitting equitable defenses to the award of attorney's fees. Rubenstein Brothers v. LaForte, 320 So.2d 303 (La.App. 4th Cir. 1975); Miletello v. Noble Drilling Corp., 316 So.2d 505 (La.App. 2d Cir. 1975); Robertson v. International Motor Company of Houma, Inc., 314 So.2d 531 (La.App. 1st Cir. 1975); Scallan v. Mark Petroleum Corporation, 303 So.2d 498 (La. App. 2d Cir. 1974), cert. den., 307 So.2d 370 (La.1975) ("no error of law"); Porter v. Lombardino, 303 So.2d 493 (La.App. 2d Cir. 1974), cert. den., 307 So.2d 370 (La.1975) ("no error of law"). See also to same effect, Professor J. Denson Smith, 25 La.L. Rev. 26 (1964) and Nolfo v. Landeche, 339 So.2d 1331 (La.App. 1st Cir. 1976).
The intermediate court was therefore in error in holding that good-faith defenses by an employer to his wage liability permitted the courts to excuse him from the attorney's fees mandatorily required by the legislature to be taxed as costs, when to recover wages due him an employee is forced to file a well-founded suit for their payment.
The intermediate court fell into error by following previous precedents of its own court, Colbert v. Mike-Baker Brick *557 Company, 326 So.2d 900 (La.App. 3d Cir. 1976) and Becker v. Choate, 204 So.2d 680 (La.App. 3d Cir. 1967), which had erroneously overlooked the legislative overruling of the decisions upon which they were based. These decisions are expressly overruled, insofar as they rejected an employee's claim for attorney's fees.
In the instant case, accordingly, the employee is entitled to reasonable attorney's fees occasioned by his suit to recover wages due him but not paid. The amount of these we fix at $750.

(2)
The cited jurisprudence held that the legislative amendment of 1964 overruled the prior jurisprudence only insofar as it excused the assessment of attorney's fees against an employer by even a good-faith defense to a well-founded suit for unpaid wages. This jurisprudence correctly held that a good-faith non-arbitrary defense to liability for unpaid wages, i. e., a reasonable basis for resisting liability, still permitted the court to excuse the employer from the imposition of additional penalty wages (see footnote 1).
In the present instance, the employer resisted liability on the claim that, as an offset to the wages due, the employer was entitled to charge the employee for the cost of ten uniforms which the employer thought the employee had retained.[2] The employee testified he had returned nine uniforms to the dirty laundry, a defense apparently accepted by the trial court in rejecting this credit.
The employer did not appeal the award of unpaid wages of $161.93. Although its defenses to this wage liability were rejected, we are unable to say that the lower courts erred in finding that the employer acted in good faith when it resisted liability for the unpaid wages.
The demand for penalty wages sought by the plaintiff employee (see footnote 1) was properly rejected.

(3)
The defendant re-urges its contention, pretermitted by the intermediate court, that, before any penalty or attorney's fee may be awarded, La.R.S. 23:631 (1950) requires that the plaintiff must make formal demand for his wages upon his employer "at the place where the employer or laborer is usually paid."
In the present case, the demand was made by telephone call by the plaintiff's wife, which the district court held to be sufficient. The defendant urges that, nevertheless, this was insufficient formal demand, considering that penalties are strictly construed. Cf., Mitchell v. First National Life Insurance of Louisiana, 236 La. 696, 109 So.2d 61 (1959).
However, the defendant filed a general denial to the plaintiff's claim for unpaid wages. When a defendant denies liability after suit is filed, technical deficiencies in a pre-suit demand are waived by him and will not defeat the imposition of statutory penalties designed to enforce prompt payment. Gatte v. Coal Operators Casualty Company, 256 La. 325, 236 So.2d 485 (1970) and jurisprudence cited therein.

Decree
For the reasons assigned, we affirm the award of unpaid wages, interest, and costs, but we amend the judgment so as to hold the defendant additionally liable as costs for $750 attorney's fees. The defendant is taxed with all costs in this and the previous courts.
AMENDED AND AFFIRMED.
SUMMERS, J., dissents.

Appendix *558 Prior to 1977 amendments, these statutes (as in effect at the time of the plaintiff's resignation) provided:
LSA-R.S. 23:631 (1950) provided:
"It shall be the duty of every person employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid." (Italics ours.)
LSA-R.S. 23:632 (1964) provided:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days' wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation." (Italics ours.)
The amendments by Act 317 of 1977 to La.R.S. 23:631 eliminate the "demand" requirement, provide for payment within three days (instead of 24 hours), and permit such payment to be made by mail. The amendments to La.R.S. 23:632 lengthen the delay to allow the payment of wages due by the employer within three days (instead of 24 hours) to allow him to escape payment of attorney's fees if the employee is required to file suit.
NOTES
[1] The law in effect at the time of the plaintiff's resignation provided for payment of back wages within twenty-four hours after demand "at the place where the employee or laborer is usually paid" La.R.S. 23:631 (1950), with the employer's failure to do so to subject him to additional penalty wages of up to 90 days additional wages, La.R.S. 23:632 (1964), as well as attorney's fees.
[2] In failing to pay the wages due, the employer had first wished to discuss the matter of uniforms, as well as a small open account amount due ("six dollars and fifty cents or something," the corporate officer testified, Tr. 50) and a $200 loan for the employee to buy a truck (admittedly a "side thing" to the wage issue, the official testified, Tr. 50).