758 So.2d 264 (2000)
Carlene M. HARVEY
v.
BASS HAVEN RESORT, INC.
No. 99-909.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
*265 John K. (Mike) Anderson, Tillman & Anderson, Leesville, LA, Counsel for Plaintiff/Appellant.
William D. Dyess, Many, LA, Counsel for Defendant/Appellant.
Court composed of Judge HENRY L. YELVERTON, Judge JIMMIE C. PETERS, Judge MARC T. AMY.
AMY, Judge.
Plaintiff filed a claim against her former employer for past-due wages, penalties, and attorney's fees. The trial court determined that the employer had failed to pay the plaintiff the wages owed and issued judgment in her favor. The trial court did not assess the employer with penalties for nonpayment, but awarded the plaintiff attorney's fees. From this judgment both parties appeal. For the following reasons, we affirm.

*266 Factual and Procedural Background

Award of Back Wages
In September of 1997, Carlene and Bobby Harvey entered into an oral agreement with the owner of Bass Haven Resort, Inc., Jeffery A. Seal, to work at his marina on Toledo Bend Reservoir. The parties agreed that Mr. and Mrs. Harvey would each be paid $1000.00 a month and they would receive free rent on a trailer lot located at the marina while employed with Bass Haven. This dispute arose out of an alleged agreement between the plaintiff and Mr. Seal regarding her pay for the months of December of 1997 and January of 1998.
At some point during the last week of November and the first week of December 1997, Mr. Seal explained to the plaintiff that due to the decrease in business during December and January, he would only be able to pay her and Mr. Harvey one salary. Thus, the parties agreed that the couple would remain at the marina and receive $1000.00 a month for December and January and continue to receive free rent on the lot. It was also agreed that the monthly pay check would be issued to Bobby Harvey. Both parties testified that such an agreement was reached between them, however, the plaintiff alleges that Mr. Seal also agreed that he would make up to her the difference in pay when the business began to make more money. Mr. Seal denies that he ever agreed to pay the difference in the salary at a later date.
During December and January, the plaintiff continued to work for Bass Haven and conduct her usual duties as an employee. For each month, Mr. Harvey received a paycheck for $1000.00, minus taxes. In February, Mrs. Harvey again started receiving a paycheck in her name. Mrs. Harvey was employed by Bass Haven until the end of March 1998, when a dispute arose between the parties as to how the plaintiff and her husband were conducting business with Bass Haven. Mr. Seal notified the plaintiff that she was no longer employed by Bass Haven and evicted her and Mr. Harvey from the marina.
Subsequent to her discharge, Mrs. Harvey made several demands upon Mr. Seal for the payment of the two months of wages. Mr. Seal denied her request asserting that per their agreement, no wages were owed. On December 18, 1998, the plaintiff filed a petition against Bass Haven for two months of past-due wages, penalties and attorney's fees. After considering the testimony of the witnesses and the evidence presented, the trial court awarded the plaintiff past-due wages and attorney's fees, but did not assess any penalties against the defendant. Both plaintiff and defendant appeal.

Discussion of the Merits
First, we address the defendant's sole assignment of error alleging that the trial court erred in awarding back wages to the plaintiff when there existed an agreement between them to not pay her wages for the months of December 1997 and January 1998. Mr. Seal contends that he and the plaintiff reached an oral agreement to reduce the salary of the Harveys for the two months, due to the lack of business during that time of the year. He argues that he left the decision up to the Harveys to determine which one would receive their regular paycheck, and they decided it would be Mr. Harvey. Further, he argues that it was never agreed that he or Bass Haven would ever compensate or make up the unpaid wages to the plaintiff.
Plaintiff does not deny that she and Mr. Seal reached an agreement to reduce their salary during December and January. However, she testified that at the time the agreement was reached, Mr. Seal expressed to her that if they help him make it through the winter months, he would make it up to them later. The plaintiff explained that she assumed Mr. Seal meant he would compensate her later for the pay she did not receive during those two months. At trial, Mr. Harvey testified that though he had never spoken to Mr. *267 Seal directly about the agreement, his wife had explained to him that Mr. Seal was unable to pay two people in the winter months, and Mr. Seal would continue to pay his full salary and would pay her at a later date.
The determination as to what the parties orally agreed is a purely factual matter. The trial court chose to accept the version of events related by the plaintiff.
An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The Louisiana Supreme Court has explained:
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). See also Powell v. Regional Transit Auth., 96-715 (La.6/18/97); 695 So.2d 1326. Further, when findings are based on determinations regarding credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where a factfinder's decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Id. See also Martin v. Provencher, 97-1648 (La. App. 3 Cir. 5/6/98); 718 So.2d 975, writ denied, 98-1414 (La.7/2/98); 724 So.2d 739. In the instant matter, we find no clear error in the trial court's decision to credit the plaintiff's testimony and to award past due wages. Accordingly, we find defendant's assignment of error to be meritless.

Penalties
We next turn to the plaintiff's assignment of error on appeal. Plaintiff asserts that the trial court erred in failing to assess penalty wages against defendant for failing to timely pay past due wages upon discharge. The applicable statutes, La. R.S. 23:631 and 23:632 provide in part:
§ 631. Discharge or resignation of employees; payment after termination of employment
A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge.
§ 632. Liability of employer for failure to pay; attorney fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee *268 by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
Without written or oral reasons for judgment, the trial court awarded the plaintiff attorney's fees but did not award penalty wages.
To recover penalty wages under La.R.S. 23:632, the plaintiff must "show that (1) wages were due and owing; (2) demand for payment thereof was made where the employee was customarily paid; and (3) the employer did not pay upon demand." Hebert v. Insurance Center, Inc., 97-298, p. 9 (La.App. 3 Cir. 1/7/98); 706 So.2d 1007, 1313, writ denied, 98-0353 (La.3/27/98); 716 So.2d 888. Although the statutory language provides for an award of penalty wages upon nonpayment, our jurisprudence has allowed the employer to assert equitable defenses to such a claim. Id. But see Domite v. Imperial Trading Co., Inc., 94-16 (La.App. 3 Cir. 8/3/94); 641 So.2d 715.[1] Relying on the Louisiana Supreme Court case of Carriere v. Pee Wee's Equip. Co., 364 So.2d 555 (La.1978), this court in Hebert, 97-298 at p. 9-10, 706 So.2d at 1013, explained:
[B]ecause the statute [La.R.S. 23:632] is penal and therefore must be strictly construed, the jurisprudence has almost uniformly imposed a requirement that penalties not be imposed on the employer when it presents a good faith, non-arbitrary defense to its liability for unpaid wages. Carriere v. Pee Wee's Equip. Co., 364 So.2d 555 (La.1978); Jones v. Hebert & LeBlanc, Inc., 499 So.2d 1107 (La.App. 3 Cir.1986). This is an equitable defense which is not provided for in the statute. "Where there is a bona fide dispute over the amount of wages due, courts will not consider failure to pay as [an] arbitrary refusal and generally will refuse to award penalties." Barrilleaux[ v. Franklin Foundation Hospital], 96-343 [(La.App. 1 Cir. 11/8/96)] at p. 17, 638 So.2d [348,] at 360. A trial court's determination concerning whether a defendant employer is in bad faith is a factual question subject to the manifest error/clearly wrong standard of review. Id. at p. 18, 360.
Accordingly, even if a plaintiff is found to be due past wages, an award of penalty wages is not mandatory upon a finding of good faith. As the determination of good faith is a factual finding, a trial court's decision in this regard will not be reversed unless it is manifestly erroneous. Our review of the particular facts does not reveal error in a finding of good faith and, in turn, no error in the determination not to award penalty wages in this matter. Therefore, we find this assignment of error meritless.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs associated with this appeal are assessed equally *269 between the plaintiff-appellant, Carlene Harvey and the defendant-appellant, Bass Haven, Inc.
AFFIRMED.
NOTES
[1] In Domite, a panel of this court held that the award of penalty wages against an employer who fails to timely pay wages owed an employee was mandatory according to the statutory language of La.R.S. 23:632, and, therefore, not susceptible to an equitable defense by the employer. The Domite court, reasoned that: "To allow such defenses is contrary to and makes less effective, if not ineffective, the obvious intent of the legislature in adopting this statute." Domite, 94-16, p. 6, 641 So.2d at 719. However, a panel of this court in Hebert v. Insurance Center, Inc., 97-298 (La.App. 3 Cir. 1/7/98); 706 So.2d 1007, writ denied, 98-0353 (La.3/24/98); 716 So.2d 888, determined that even though the reasoning set forth in Domite was statutorily correct, the supreme court had previously allowed equitable defenses against the payment of penalty wages to be raised by an employer, and, accordingly, was required to follow this jurisprudence. In our discussion of the merits of the instant matter, we rely on the jurisprudence established by the supreme court in Carriere v. Pee Wee's Equip. Co., 364 So.2d 555 (La.1978) and followed by this court in Hebert.