## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1076

**LDK INVESTMENTS, LLC**

**VERSUS**

**ROBERT MAYO AMONS, III, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 229,652
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

Charles G. Gravel
Gravel, Cespiva, & Wilkerson
Post Office Box 1792
Alexandria, Louisiana 71309-1792
(318) 487-4501
Counsel for Defendants/Appellees:
    Paul and Charmin Weis
    Perry and Tia Jamison

**James C. Downs**
**Attorney at Law**
**Post Office Box 269**
**Alexandria, Louisiana  71301-0269**
**(318) 448-3439**
**Counsel for Defendants/Appellants:**
  **Opal Amons**
  **Tammy Amons**
  **Robert Amons, Jr.**
  **Robert Amons, III**

**William M. Ford**
**Susan Ford Fiser**
**Attorneys at Law**
**Post Office Box 12424**
**Alexandria, Louisiana  71315-2424**
**(318) 442-8899**
**Counsel for Plaintiff/Appellee:**
  **LDK Investments, LLC**

**Gregory N. Wampler**
**Lemoine & Wampler**
**607 Main Street**
**Pineville, Louisiana  71360**
**(318) 473-4220**
**Counsel for Defendants/Appellants:**
  **John and Judy Jameson**
  **Edna Jameson**
  **James Jameson, Jr.**
  **Larry and Dawn Jameson**
  **Gene and Linda Gunter**

**KEATY, Judge.**

In this suit by the owner of a landlocked estate for predial servitude across its neighbors' properties, the trial court granted Plaintiff the relief it sought without conducting a full hearing or determining that the servitude granted was the least injurious to the landowners and the shortest distance to the nearest public road. It also failed to address whether damages were owed to Defendant pursuant to La.Code Civ.P. art. 689, and, if so, how much was owed. For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.

## Facts and Procedural History

Plaintiff, LDK Investments, LLC (LDK), owns a piece of property on Catahoula Lake that is allegedly landlocked. Defendants, Robert Mayo Amons, III and eighteen others, are the owners of three contiguous tracts of land between D. Nugent Road and the LDK property. The first tract of land immediately east of the LDK property (the Jameson tract) is owned by Larry E. Jameson, Dawn K. Jameson, James R. Jameson, Jr., Edna S. Jameson, John G. Jameson, Judy H. Jameson, Gene H. Gunter, and Linda F. Gunter. The second tract of land (the Weis tract) lies south of the Jameson tract and is owned by Perry Jamison and Paul Weis, and their wives, Tia Basco Jamison and Charmin Basco Weis. The third tract of land (the Amons tract) lies south of the Weis tract and fronts D. Nugent Road, a gravel road maintained by the parish. The Amons tract is owned by Robert Mayo Amons, III, Robert Mayo Amons, Jr., and Opal O. Amons.

Historically, according to Plaintiff, the LDK property was accessed by traveling from D. Nugent Road through all three tracts of land along a gravel pipeline road and then across the Jameson tract to the LDK property. Several of the Defendants installed a gate with a keyed lock on the route, which prohibited

Plaintiff from accessing its property using that particular route. LDK filed suit against Defendants, seeking a permanent predial servitude "for passage and for utilities" along the route that owners of the LDK property have historically used; that is, from D. Nugent Road, along the pipeline gravel road through the Amons tract, the Weis tract, and the Jameson tract and then across the Jameson tract to the LDK property.

Robert M. Amons, III, Robert M. Amons, Jr., and Opal Nugent Amons filed a joint written response to Plaintiff's petition in which they contested the suit, arguing that the gravel pipeline road is private, that the land through which the road crosses has been fenced off and is used as pasture for horses, and that LDK's use of the road would destroy their livelihood. They asserted that utilities were not available down D. Nugent Road, which is a poorly maintained parish road used only by fishermen and hunters, and that there are at least two other roads (Hickory Grove Loop and Ivan Normand Road) that are closer to the LDK property than D. Nugent Road.

LDK then filed a first supplemental and amending petition, naming additional individuals as defendants. Edwin Ray Belgard and Brenda Paulk Belgard filed a joint written response that seemed to suggest that their property is not one of the three tracts upon which LDK was seeking to establish a predial servitude.

Two formal answers were filed: one by Larry E. Jameson and nine other Defendants, and one by Perry E. Jamison, Tia Basco Jamison, Paul Weis, and Charmin Basco Weis.

On June 23, 2008, LDK filed for a preliminary default against six of the Defendants, Norman Ambrose, III, Bonnie Ryder Ambrose, Robert M. Amons, Jr., Opal Nugent Amons, Edwin Ray Belgard, and Brenda Paulk Belgard, alleging that

2

they did not file an answer with the court. On June 25, 2008, the preliminary default was granted. The preliminary default judgment was not confirmed.

Trial was set for February 26, 2009. The day before trial, Defendants filed a peremptory exception of non-joinder of a necessary party, which was set for hearing on March 16, 2009. At trial, after Plaintiff introduced several exhibits,[1] the parties entered into a stipulation that was to become an interim order of the court. The parties stipulated that an interim predial servitude would be granted along the pipeline road, during which time Plaintiff would receive keys to the gates, that a survey would be completed of the properties in question to determine the shortest and least injurious method of accessing Plaintiff's property, and that the parties would meet again with the court subsequent to the completion of the survey. All subpoenas were extended indefinitely, and the interim order was signed on April 22, 2009.

After the surveys were completed, Plaintiff filed a rule for entry of judgment of servitude, which was set for May 23, 2011. On May 9, 2011, Defendants filed a motion to set its exception of non-joinder of a necessary party for hearing. It also filed an exception of prematurity, unauthorized use of summary proceedings, and no cause of action. The exceptions were set to be heard on August 22, 2011.

At the hearing on Plaintiff's rule for entry of judgment, the trial court heard argument from counsel, including arguments from the defense counsel that exceptions were pending, that a judgment could not be decided until the exceptions were heard, and that the trial was not concluded so rendering judgment would be improper. The trial court made several statements concerning the disposition of the case and agreed to give Defendants ten days to file briefs explaining their positions on the servitude and exceptions before rendering judgment.

---

[1] Although introduced into evidence, these exhibits were never authenticated.

3

On May 27, 2011, only four days after the hearing, the trial court rendered judgment in favor of Plaintiff, said judgment granting a non-exclusive predial servitude across Defendants' property in favor of Plaintiff's property. The judgment further cast the survey fees as costs, dismissed all outstanding claims and demands, and split costs in individual proportions by the individual parties.

**Issues**

The Amons and Jameson Defendants have appealed, assigning between them four errors for our review. First, they assert that the trial court erred in overruling the Defendants' exceptions of non-joinder of a necessary party, prematurity, no cause of action, and unauthorized use of summary proceedings. Second, they assert that the trial court erred in determining that the February 26, 2009 hearing was a complete trial on the merits. Third, they assert that the trial court erred in granting LDK a permanent servitude without a trial. Finally, they assert that even if the February 26, 2009 hearing is interpreted to be a full and complete trial, the trial court erred in granting LDK a permanent servitude when it failed to allege in its petition that the proposed route was the shortest route from the LDK property to the nearest public road and when evidence suggests that there are shorter options available.

**Standard of Review**

This case presents questions of law. Questions of law are reviewed de novo. *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. In conducting a de novo review, appellate courts "determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation of application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court." *Id*. at 657 (quoting *Citgo Petroleum Corp v. Frantz*, 03-88, pp. 3-4 (La.App. 3 Cir.

4

6/4/03), 847 So.2d 734, 736, *writ denied*, 03-1911 (La. 10/31/03), 857 So.2d 484).

Further, appellate courts do not assign special weight to the trial court when conducting a de novo review of legal questions before rendering judgment based on the record. *Id.*

## Discussion

A predial servitude is a charge on a servient estate for the benefit of a dominant estate. La.Civ.Code art. 646. "The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion." La.Civ.Code art. 689. Further, the dominant estate owner "may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands." La.Civ.Code art. 692. "A two-step analysis is required by article 692, former article 700. First to be determined is which estate owes the servitude of passage. Only then should the courts engage in a balancing test to determine where on the servient estate the passage should be located." *May v. Miller*, 06-418, p. 6 (La.App. 3 Cir. 10/11/06), 941 So.2d 661, 666, *writ denied*, 07-09 (La. 3/9/07), 949 So.2d 443 (citing *Davis v. Culpepper*, 34,736, pp. 7-9 (La.App. 2 Cir. 7/11/01), 794 So.2d 68, *writ denied*, 01-2573 (La. 12/14/01), 804 So.2d 646 (citations omitted)). "In the absence of exceptional circumstances, it is only the estate that provides the shortest access to the nearest public road that will be burdened with the servitude." *Id.* at 667.

> The first exception recognized by the jurisprudence is when the estate which provides the shortest route is covered by water or is otherwise not accessible year round. The second derogation from the general rule is when the costs associated with crossing the estate which is the shortest distance from the public road are so exceptional that from a practical standpoint it is economically unfeasible to build.

As set forth above, courts should first determine which estate owes the servitude. The shortest straight line distance to the nearest public road determines which estate owes the servitude. The party arguing that the servitude should instead be imposed on another estate bears the burden of establishing that one o[f] the two exceptions is applicable.

*Id*. (citations omitted).

We begin our analysis by focusing on Defendants' first assignment of error, that the trial court erred in overruling the exceptions of non-joinder of a necessary party, prematurity, no cause of action, and unauthorized use of summary proceedings. "The declinatory exception, the dilatory exception, and the peremptory exception when pleaded before or in the answer shall be tried and decided in advance of the trial of the case." La.Code Civ.P. art. 929(A). A hearing is mandated on the exceptions in advance of trial when an answer has not been filed; when an answer has been filed, the trial court may refer the exceptions to the trial on the merits in lieu of a separate hearing. *Short v. Giffin*, 94-1757 (La.App. 4 Cir. 11/17/94), 648 So.2d 937, *writ denied*, 95-684 (La. 6/16/95), 656 So.2d 1008. It is clear from the record that there was not a trial on any of the exceptions filed by Defendants. The record also supports the conclusion that the trial court did not refer any of the exceptions to the trial on the merits. Accordingly, the trial court erroneously overruled Defendants' exceptions.

In their next assignment of error, Defendants argue that the trial court inappropriately rendered judgment prior to the completion of trial. We agree. There are three general modes of procedure for obtaining judicial resolution to civil disputes; ordinary, summary, and executory. La.Code Civ.P. art. 851. Ordinary proceedings are used in district court in all cases, except as otherwise provided by law. *Id.* Neither summary nor executory proceedings are procedurally proper means to establish a predial servitude under La.Civ.Code art.

692. *See* La.Code Civ.P. arts. 851, 2591, and 2631. In ordinary proceedings, final judgments are generally obtained after a trial, in which evidence was adduced. In some specific instances final judgments are granted upon written motions such as a motion for judgment on the pleadings or a motion for summary judgment. No such motion was filed into the record in the instant suit. It is clear to this court that the parties intended to try the matter.

A trial requires that both plaintiff and defendant present evidence to support their arguments. La.Civ.Code art. 1632. In the instant case, Plaintiff introduced evidence. The parties then entered into a stipulation that became an interim order of the court on April 22, 2009. The record supports the conclusion that both parties knew the stipulation was a temporary solution and that they would be coming back for the full hearing wherein each would be able to offer evidence in support of its position if they could not reach an agreement. Plaintiff went so far as to ask that the court extend the subpoenas issued for that hearing until the matter could be reset.

Defendants were not given an opportunity to introduce evidence or testimony in support of their position after the necessary survey was completed. The final judgment rendered was based solely on the exhibits that were introduced, but never authenticated by Plaintiff, and argument from counsel. Indeed, in its brief to this court, Plaintiff states, "[p]lease see the eleven exhibits of Petitioner for all the proof needed at trial." Yet, Plaintiffs never filed a motion for judgment on the pleadings or motion for summary judgment, which would have allowed them to submit their case without a trial. Because they did not choose either of those procedural avenues to seek resolution and instead had their matter set for a hearing, it was improper for the trial court to render judgment absent a full trial.

**Disposition**

For the foregoing reasons, we reverse the entirety of the judgment and remand the matter for further proceedings consistent with this opinion. We need not address the remaining assignments of error, as our decision has rendered them moot. Costs are assessed against Plaintiff/Appellee, LDK Investments, LLC.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**