STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-627


NORMAN LEE FRED

VERSUS

DRILL CUTTINGS DISPOSAL COMPANY, LLC


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20166610
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**AFFIRMED.**

**Joseph L. Lemoine Jr.**
**Lemoine & Associates, LLC**
**1018 Harding Street, Suite 102 B**
**Lafayette, Louisiana 70503**
**(337) 303-5685**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Drill Cuttings Disposal Company, LLC**

**G. Andrew Veazey**
**Bradford H. Felder**
**Veazey, Felder & Renegar, LLC**
**Post Office Box 80948**
**Lafayette, Louisiana 70598**
**(337) 234-5350**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Norman Lee Fred**

**CONERY, Judge.**

Drill Cuttings Disposal Company, LLC (DCDC) appeals the trial court's February 22, 2017 judgment granting plaintiff Norman Lee Fred's rule for judgment on the pleadings and awarding Mr. Fred his past due salary and expenses, penalties and attorney fees. For the following reasons we affirm.

### FACTS AND PROCEDURAL HISTORY

The underlying facts of this case are undisputed. Mr. Fred, a resident of Lafayette Parish, Louisiana was hired by DCDC, a limited liability company domiciled in Lafayette, Louisiana. He was terminated from his employment on November 3, 2016, and was instructed to immediately leave the job site located in McKenzie County, North Dakota.

On November 4, 2016, Mr. Fred contacted Mr. Jeffrey Reddock Sr., a principal with DCDC, via both telephone and text message, seeking the amount of salary due for his prior employment with DCDC. According to the pleadings, Mr. Reddock told Mr. Fred that he was not going to be paid his past due salary and expenses. On November 16th and 23rd, 2016, Mr. Reddock again allegedly refused to pay Mr. Fred his past due salary and expenses.

In his petition, Mr. Fred claimed that he was owed compensation for work done from October 16, 2016 to October 29, 2016, and from October 30, 2016 to November 3, 2016, the date of his termination by DCDC. Additionally, Mr. Fred claims that DCDC refused to reimburse him $509.87 in business expenses incurred during the course of his employment with DCDC. He claimed that pursuant to La.R.S. 23:631(A)(1)(a), he was entitled to his past due salary and expenses in the amount of $5,110.51.

Mr. Fred's counsel made a formal written demand on DCDC through its registered agent for service of process seeking payment for Mr. Fred's past due salary and expenses in the amount of $5,110.51, as well as penalties pursuant to La.R.S. 23:632(A). The three day grace period provided by La.R.S. 23:632(A) lapsed without payment by DCDC to Mr. Fred. Thus, DCDC's failure to pay the total amount of $5,110.51 to Mr. Fred also entitled Mr. Fred to possible penalties pursuant to La.R.S. 23:632(B), in addition to possible reasonable attorney fees and costs in accordance with La.R.S. 23:632(C).

Pursuant to La.R.S. 23:631(B), Mr. Fred then filed a summary proceeding by way of a rule for past due salary and expenses, penalties, and attorney fees, which was fixed for hearing by the trial court on February 6, 2017. DCDC answered the rule and filed an opposition. DCDC admitted that Mr. Fred was owed his past due salary and expenses in the amount of $5,110.51. However, in its answer and opposition to Mr. Fred's rule, DCDC alleged that as a result of Mr. Fred's willful negligence, he had done substantial damage to DCDC's well site. DCDC also alleged that Mr. Fred had committed a possible environmental violation which could result in a fine against DCDC from the North Dakota Environmental Agency. Therefore, DCDC claimed it was entitled to an offset for the alleged damages to its equipment and/or potential fine it might incur that far exceeded any amount owed to Mr. Fred for his past due salary and expenses.

At the hearing, DCDC was prepared to put on witnesses in order to prove that it was entitled to an offset, which the trial court properly refused to allow in a hearing on a judgment on the pleadings. "It is well settled that consideration of a motion for judgment on the pleadings must be based upon the pleadings alone and

2

that supporting evidence is not to be considered." *Gibbens v. Wendy's Foods, Inc.*, 31,487, p. 4 (La.App. 2 Cir. 1/20/99), 729 So.2d 629, 631-32 (citations omitted).

The trial court found in favor of Mr. Fred and awarded him $5,110.51 in past due salary and expenses on the basis that DCDC was not entitled to an offset against their former employee. The trial court additionally awarded Mr. Fred $23,543.10 in penalties, which represented Mr. Fred's daily salary of $261.59 multiplied by ninety days in accordance with La.R.S. 23:632(A), plus stipulated attorney fees in the amount of $7,038.00. The trial court's judgment reflecting its ruling was signed on February 24, 2017. DCDC sought written reasons for ruling from the trial court, which request was denied as untimely.

DCDC filed a suspensive appeal. The validity and sufficiency of DCDC's suspensive appeal was challenged by Mr. Fred in the district court at a hearing fixed for October 16, 2017, just prior to oral argument in this case scheduled for October 26, 2017. No mention was made of the outcome of the hearing held in the district court at oral argument. However, despite any dispute over the validity of DCDC's suspensive appeal, DCDC's appeal was timely filed as a devolutive appeal. Accordingly, this court chooses to maintain its jurisdiction over DCDC's appeal as a devolutive appeal. *Martinez v. Rivet*, 16-100 (La. App. 3 Cir 4/13/16), 190 So.3d 461. Mr. Fred has answered the appeal and seeks additional attorney fees for work done in response to the appeal of DCDC.

## ASSIGNMENT OF ERRORS

DCDC asserts the following assignment of errors on appeal:

### ASSIGNMENT OF ERROR # 1

By granting judgment on the pleadings in favor of Mr. Fred, based solely on DCDC's admission that it had declined to pay Mr. Fred's last paycheck the trial court deprived DCDC opportunity to

3

establish setoff or compensation that DCDC may have against wages Mr. Fred might have been otherwise entitled (but for his negligent, willful, illegal and damaging performance of his job with DCDC.)

**ASSIGNMENT OF ERROR # 2**

By granting judgment on the pleadings in favor of Mr. Fred, based solely on DCDC's admission that it had declined to pay Mr. Fred's last paycheck the trial court deprived DCDC an opportunity to prove that Mr. Fred had performed his work for DCDC in a negligent manner and his doing so caused DCDC to suffer damages far in excess of wages Mr. Fred would have otherwise been entitled to receive.

**ASSIGNMENT OF ERROR # 3**

By granting judgment on the pleadings in favor of Mr. Fred, based solely on DCDC's admission that it had declined to pay Mr. Fred's last paycheck the trial court deprived DCDC an opportunity to prove that Mr. Fred had performed his work for DCDC in a manner which constituted willful violation of North Dakota environmental laws and that illegal conduct on Mr. Fred's part caused DCDC to suffer damages far in excess of wages Mr. Fred would have otherwise been entitled to receive.

**ASSIGNMENT OF ERROR # 4**

By granting judgment on the pleadings in favor of Mr. Fred, based solely on DCDC's admission that it had declined to pay Mr. Fred's last paycheck the trial court deprived DCDC an opportunity to establish equitable defenses it may have to Mr. Fred's claim for penalties.

**ASSIGNMENT OF ERROR # 5**

By granting judgment on the pleadings in favor of Mr. Fred, based solely on DCDC's admission that it had declined to pay Mr. Fred's last paycheck the trial court deprived DCDC a right to fine Mr. Fred for negligent or willful acts in the performance of his duties for DCDC which caused damage to DCDC as authorized by La.R.S. 23:635.

**ASSIGNMENT OF ERROR # 6**

Whether La.R.S. 9:3921 bars, as Mr. Fred argued to the trial court, DCDC from asserting any defenses to Mr. Fred's claim for wages.

## LAW AND DISCUSSION

### *Standard of Review*

"A motion for judgment on the pleadings presents solely a question of law." *Dragon v. American Bank & Trust Co.*, 205 So.2d 473, 474 (La.App. 3 Cir. 1967). A panel of this court in *LDK Investments, LLC v. Amons*, 11-1076, pp. 4-5 (La.App. 3 Cir. 3/7/12), 86 So.3d 95, 99, succinctly summarized the standard of review applicable in a judgment on the pleadings, and stated:

> Questions of law are reviewed de novo. *Domingue v. Bodin,* 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. In conducting a de novo review, appellate courts "determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation of application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court." *Id.* at 657 (quoting *Citgo Petroleum Corp. v. Frantz*, 03-88, pp. 3-4 (La.App. 3 Cir. 6/4/03), 847 So.2d 734, 736, *writ denied*, 03-1911 (La.10/31/03), 857 So.2d 484). Further, appellate courts do not assign special weight to the trial court when conducting a de novo review of legal questions before rendering judgment based on the record. *Id.*

### *Past Due Salary And Expenses*

A motion for judgment on the pleadings is regulated by La.Code Civ.P. art. 965, which provides:

> Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. *For the purpose of this motion, all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true.* (Emphasis added).

"A motion for judgment on the pleadings is submitted on the pleadings which may include attached exhibits made a part of the pleadings." *Canal Motors, Inc. v. Campbell*, 241 So.2d 5, 5 (La.App. 4 Cir. 1970). In this case, Mr. Fred attached three exhibits to his pleadings:

5

**Exhibit "A"** (in globo)

a. Terms of Employment Notice

b. Authorization for Direct Deposit-Employee Form

c. Form I-9, Employment Eligibility Verification

d. Form W-4, Employees Withholding Allowance Certificate

e. Form L-4, Employees Withholding Allowance Certificate

f. Post Offer-of -Employment Medical Inquiry Louisiana Form

g. Substance Abuse Policy of DCDC

**Exhibit "B"**

May 25, 2016 "Gmail" giving details of the breakdown of the salary and expenses that were to be paid to Mr. Fred when he accepted employment with DCDC

**Exhibit "C"**

December 12, 2016 demand letter to Steven C. Lanza, DCDC's registered agent for service of process, demanding payment for past due wages and expenses pursuant to La.R.S. 23:632.

In *Stonebridge Dev., LLC v. Stonebridge Enter., LLC*, 42,039 (La.App. 2 Cir. 4/4/07), 954 So.2d 893, a panel of our sister circuit stated that a judgment on the pleadings is proper when the plaintiff's allegations clearly establish a right to relief, and the defendant admits each allegation. "[The jurisprudence] favor[s] giving a party his day in court; hence, judgment on the pleading[s] is granted only when the legal right is clearly established." *Canal*, 241 So.2d at 6 (citing *Brown v. B&G Crane Serv., Inc.*, 172 So.2d 708 (La.App. 4 Cir. 1965).

Louisiana Revised Statutes 23:631(A)(1)(a) creates liability for an employer who fails to timely pay wages owed to an employee after his discharge:

Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay

6

the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

DCDC admitted in its answer to Mr. Fred's pleadings that on or about April 30, 2016, Mr. Fred was hired as a Field Supervisor with DCDC. DCDC also admitted that Mr. Fred executed the employment related documents previously listed as Exhibit "A" (in globo) and incorporated into Mr. Fred's pleadings. DCDC admitted the terms of his employment and salary listed as Exhibit "B," which was also incorporated into his pleadings. DCDC further admitted Mr. Fred was paid in "two-week increments," six days following the end of each pay period, and was paid a car allowance in the middle of the month. Finally, DCDC admitted Mr. Fred was terminated on November 3, 2016, and at his termination DCDC owed Mr. Fred $5,110.51 in past due salary and expenses.

On or about December 12, 2016, Mr. Fred, through his counsel, made demand on DCDC for his past due salary, expenses, and penalties via correspondence to DCDC's registered agent for service of process, as referenced in Mr. Fred's pleadings as Exhibit "C." DCDC admitted the existence and receipt of the letter in paragraph 17 of its answer to Mr. Fred's pleadings.

Therefore, it is undisputed that DCDC timely failed to pay the $5,110.51 in past due salary and expenses owed to Mr. Fred pursuant to La.R.S. 23:631 (A)(1)(a). In its assignments of error, DCDC urges as a defense to its failure to pay Mr. Fred that it is entitled to a setoff against the amount of past due salary and expenses owed due to the negligence and damages done to DCDC property and possible environmental fines connected with the cleanup of the DCDC well site.

7

***DCDC's Assignments of Error Numbers One and Two***

DCDC's assignments of error one and two basically state the same objection to the trial court's ruling granting Mr. Fred's motion for judgment on the pleadings and awarding Mr. Fred $5,110.51 in past due salary and expenses. DCDC argues it was not allowed to show that it was entitled to an offset based on Mr. Fred's "negligent, willful, illegal, and damaging performance of his job."

DCDC intended to present four witnesses at the hearing held in conjunction with Mr. Fred's motion for judgment on the pleadings and have them testify about Mr. Fred's activities at DCDC's well site. However, as previously stated, when a motion for judgment on the pleadings is before a trial court, only the pleadings can be considered, along with any exhibits attached and incorporated into the pleadings. *Canal*, 241 So.2d at 5. DCDC did not incorporate any exhibits into its answer that supported its claims against Mr. Fred. *Gibbens*, 729 So.2d at 631-632. Therefore, we find no error on the part of the trial court in denying DCDC the opportunity to put on witnesses during the hearing and find DCDC's assignments of error one and two to be without merit.

***DCDC's Assignments of Error Numbers Three, Five, and Six***

La.Code Civ.P. art. 965, which governs motion for judgment on the pleadings, provides in pertinent part, "[A]ll allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true."

It is undisputed that DCDC admitted in its pleadings that it failed to timely pay the past due salary and expenses of $5,110.51 owed to Mr. Fred under La.R.S. 23:631(A)(1)(a) upon his termination on November 3, 2016. DCDC seeks to support its failure to pay Mr. Fred based on Mr. Fred's alleged destruction of

DCDC's property and a possible environmental fine imposed by the North Dakota Environmental Agency for an unlawful discharge at the DCDC well site allegedly caused by Mr. Fred. However, Mr. Fred argues that despite the allegations in DCDC's answer, it is barred from disputing the payment of the past due salary and expenses owed Mr. Fred by seeking an offset, as no specific, liquidated offset was supported by an appropriate exhibit properly attached to DCDC's answer.

Louisiana Revised Statutes 23:635 provides, "No person, acting either for himself or as agent or otherwise, shall assess any fines against his employees or deduct any sum as fines from their wages." DCDC claims that Mr. Fred performed his work "in a manner which constituted [a] willful violation of North Dakota environmental laws." Therefore, even if DCDC was charged with a violation and a fine by the North Dakota Environmental Agency, it could not use any action by Mr. Fred resulting in a fine as an offset or defense to the failure to pay his past due salary and expenses.

DCDC argues that La.R.S. 23:635 also provides in pertinent part, "This Section shall not apply in cases where the employees wilfully or negligently damage goods or works, or in cases where the employees wilfully or negligently damage or break the property of the employer . . . but in such cases the fines shall not exceed the actual damage done." DCDC has alleged that there was "willful damage to their property" by Mr. Fred that far exceeded the amount owed to him as past due salary and expenses. Therefore, if DCDC's allegations are taken as true, they would not be barred from offsetting the past due salary and expenses they owed to Mr. Fred by the "effect of law," under La.Code Civ.P. art. 965.

Mr. Fred argues that by failing to state a specific amount of any possible fine by the North Dakota Environmental Agency or a specific amount of damages

9

allegedly caused by Mr. Fred's willful and negligent actions at DCDC's well site, that La.Civ.Code art. 1893 would bar any offset by DCDC.

Louisiana Civil Code Article 1893 provides, "Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are **liquidated** and presently due." (Emphasis added). This court in *Hebert v. Ins. Center, Inc.*, 97-298, p. 8 (La. App. 3 Cir. 1/7/98), 706 So.2d 1007, 1012, *writ denied*, 98-353 (La. 3/27/98), 716 So.2d 888, stated, "The defense of setoff requires mutual obligations whereby each obligor owes an equally liquidated and demandable debt to the other." (Citations omitted). Black's Law Dictionary defines a "*liquidated debt*" as "A debt whose amount has been determined by agreement of the parties or by operation of law." BLACK'S LAW DICTIONARY 433 (8th ed. 2004). Since DCDC has not established the amount of a liquidated offset claim pursuant to La.Civ.Code art. 1893, its claim for an offset was properly rejected by the trial court.

In its assignment of error number six, DCDC raises the issue of whether La. R.S. 9:3921 actually bars "DCDC from asserting any defenses to Fred's claim for wages." DCDC claims that it does not. La.R.S. 9:3921 states in pertinent part:

> A. Notwithstanding any provision in Title III of Code Book III of Title 9 of the Louisiana Revised Statutes of 1950 to the contrary, every master or employer is answerable for the damage occasioned by his servant or employee in the exercise of the functions in which they are employed. Any remission, transaction, compromise, or other conventional discharge in favor of the employee, or any judgment rendered against him for such damage shall be valid as between the damaged creditor and the employee, and the employer shall have no right of contribution, division, or indemnification from the employee nor shall the employer be allowed to bring any incidental action under

10

the provisions of Chapter 6 of Title I of Book II of the Louisiana Code of Civil Procedure[1] against such employee.

We do not find that La.R.S. 9:3921 would be applicable to this case, as there is nothing in the record to support that a specific liquidated third party claim has been made against DCDC by the North Dakota Environmental Agency, or any other party. We find that the trial court was not clearly wrong and assignment of errors three, five, and six are without merit.

### *Assignment of Error Number Four*

DCDC also claims the trial court erred in failing to allow it "an opportunity to establish equitable defenses it may have to Fred's claim for penalties." La.R.S. 23:632 states:

> A. Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

> B. When the court finds that an employer's dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer shall be liable only for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed. If the court determines that the employer's failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to the penalty provided for in Subsection A of this Section.

> C. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall elapsed from time of making the first demand following discharge or resignation.

The Louisiana Supreme Court in *Becht v. Morgan Bldg. & Spas, Inc.* 02-

---

[1] "La. C.C.P. 1031 et seq. [A. A demand incidental to the principal demand may be instituted against an adverse party, a co-party, or against a third person. B. Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties.]"

2047, p. 4 (La. 4/23/03), 843 So.2d 1109, 1112, stated, "In order to recover penalty

wages and attorney's fees under La. R.S. 23:632, the claimant must show that (1)

wages were due and owing; (2) demand for payment was made where the

employee was customarily paid; and (3) the employer did not pay upon demand."

(Citations omitted).

In *Harvey v. Bass Haven Resort, Inc.*, 99-909, pp. 5-6 (La.App. 3 Cir.

2/2/00), 758 So.2d 264, 268, this court discussed the remedies available to the

employer in defense of a claim for penalties and stated:

> Although the statutory language provides for an award of penalty
> wages upon nonpayment, our jurisprudence has allowed the employer
> to assert equitable defenses to such a claim. *Id. But see Domite v.
> Imperial Trading Co., Inc.*, 94-16 (La.App. 3 Cir. 8/3/94), 641 So.2d
> 715.[1]  Relying on the Louisiana Supreme Court case of *Carriere v.
> Pee Wee's Equip. Co.,* 364 So.2d 555 (La.1978), this court in *Hebert,*
> 97-298 at [p]p. 9-10, 706 So.2d at 1013, explained:
>
> > [B]ecause the statute [La.R.S. 23:632] is penal and
> > therefore must be strictly construed, the jurisprudence
> > has almost uniformly imposed a  requirement that
> > penalties not be imposed on the employer when it
> > presents a good faith, non-arbitrary defense to its liability
> > for unpaid wages. *Carriere v. Pee Wee's Equip. Co.,* 364
> > So.2d 555 (La.1978); *Jones v. Hebert & LeBlanc, Inc.*,
> > 499 So.2d 1107 (La.App. 3 Cir.1986).   This is an
> > equitable defense which is not provided for in the statute.
> > "Where there is a bona fide dispute over the amount of
> > wages due, courts will not consider failure to pay as [an]
> > arbitrary refusal and generally will refuse to award
> > penalties." *Barrilleaux [v. Franklin Foundation
> > Hospital],* 96-343 [(La.App. 1 Cir. 11/8/96)] at p. 17, 638
> > So.2d [348,] at 360.   A trial court's determination
> > concerning whether a defendant employer is in bad faith
> > is a factual question subject to the manifest error/clearly
> > wrong standard of review. *Id.* at p. 18, 360.

---

[1] In *Domite,* a panel of this court held that the award of penalty wages
against an employer who fails to timely pay wages owed an employee was
mandatory according to the statutory language of La.R.S. 23:632, and, therefore,
not susceptible to an equitable defense by the employer.  The *Domite* court,
reasoned that: "To allow such defenses is contrary to and makes less effective, if
not ineffective, the obvious intent of the legislature in adopting this statute."
*Domite,* 94-16, p. 6, 641 So.2d at 719.  However, a panel of this court in *Hebert v.*

*Insurance Center, Inc.*, 97-298 (La.App. 3 Cir. 1/7/98); 706 So.2d 1007, *writ denied*, 98-0353 (La.3/24/98); 716 So.2d 888, determined that even though the reasoning set forth in *Domite* was statutorily correct, the supreme court had previously allowed equitable defenses against the payment of penalty wages to be raised by an employer, and, accordingly, was required to follow this jurisprudence. In our discussion of the merits of the instant matter, we rely on the jurisprudence established by the supreme court in *Carriere v. Pee Wee's Equip. Co.,* 364 So.2d 555 (La.1978) and followed by this court in *Hebert.*

The trial court awarded penalty wages in the amount of $23,543.10, which represents Mr. Fred's daily wage rate of $261.59 multiplied by ninety days, in accordance with the provisions La.R.S. 23:632. At the hearing on Mr. Fred's motion for judgment on the pleadings, after hearing argument from counsel on the issue of offset and DCDC's ability to withhold Mr. Fred's salary and expenses, the trial court stated, "Well, I don't agree. I don't agree. I'm going to grant judgment on the pleadings. I don't think that was the intent of the law that you can just simply hold an employee's wages because you claim that he is causing damages. All right?"

The trial court's ruling on this issue is subject to a manifest error standard of review. *Barrilleaux*, 683 So.2d at 348. We find that the trial court was not manifestly erroneous or clearly wrong and therefore we also affirm the trial court's ruling awarding Mr. Fred $23,543.10 in penalty wages pursuant to La.R.S. 23:632. The parties stipulated that if attorney fees are due, the amount of attorney fees incurred at the trial court level is $7,038.00, which amount has not been appealed by DCDC. We affirm the trial court's ruling awarding attorney fees in that amount.

Mr. Fred answered the appeal pursuant to La.Code Civ.P. art. 2133 and is seeking attorney fees for work performed in connection with this appeal, which we grant in the amount of $5,000.00.

## CONCLUSION

For the foregoing reasons, the February 24, 2017 judgment of the trial court is affirmed in its entirety as against Drill Cuttings Disposal Company, LLC. Attorney fees associated with appeal of this matter are awarded to Norman Lee Fred in the amount of $5,000 and assessed against Drill Cuttings Disposal Company, LLC, as well as all costs of this appeal.

**AFFIRMED.**